**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Howard Eugene AWALT,
Defendant-Appellant.**

No. 82–1196.

United States Court of Appeals,
Fifth Circuit.

March 26, 1984.

Howard Eugene Awalt, pro se.

Michael P. Heiskell, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

Howard Eugene Awalt appeals from the denial of his Rule 35 motion to reduce and correct his sentence. A threshold issue which is presented is whether his appeal was filed in time. As recorded in the docket entry, the district court denied Awalt's motion on February 12, 1982. Pursuant to Rule 4(b), Awalt had ten days from that date within which to file his notice of appeal. Awalt filed his notice of appeal on April 9, 1982.

In a previous unpublished opinion dated May 26, 1983, 707 F.2d 514, we held that Awalt's appeal from the denial of his Rule

35 motion must be dismissed because it was untimely. Awalt has filed a petition for rehearing. In his petition he concedes that he filed his notice of appeal some fifty days after it was due. Awalt contends, however, that we should treat his late filing of his appeal as being made under circumstances which would justify a finding of "excusable neglect." Such a finding would permit a grant of relief from the untimely-filed notice of appeal. *See* F.R.A.P. 4(b).[1]

In support of his "excusable neglect" claim, Awalt asserts that he did not receive a copy of the February 12, 1982, order until April 4, 1982. He attributes the clerk's failure to give him notice to his having been transferred from one federal institution to another during this time period.

 Rule 49(c) provides for mailing to each party a notice of the entry of an order on a post-arraignment written motion. The failure of the clerk to give such notice, however, will not permit relief from a party's failure to file an appeal within the time period specified by Rule 4(b). Lack of notice is not a basis for a plea of excusable neglect and does not excuse noncompliance with Rule 4(b). *United States v. Schuchardt,* 685 F.2d 901 (4th Cir.1982); *Buckley v. United States,* 382 F.2d 611 (10th Cir. 1967). *See also Wilson v. Atwood, supra; Nelson v. Foti,* 707 F.2d 170 (5th Cir.1983).

Relief cannot be granted to Awalt for an additional reason. Under Rule 4(b), a notice of appeal must be filed within ten days after entry of judgment or order appealed from. The rule authorizes a thirty-day extension upon a finding by the district court that the failure to file during the original ten-day period resulted from "excusable neglect." In criminal cases, this court has customarily treated a late notice filed after the expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for a determination as to whether excusable neglect entitles a de-

fendant to an extension of time to appeal. *United States v. Shillingford,* 568 F.2d 1106 (5th Cir.1978); *United States v. Guiterrez,* 556 F.2d 1217, 1218 (5th Cir.1977). Courts cannot extend the time period beyond the forty-day time period prescribed by Rule 4(b). To have the opportunity to seek relief by showing excusable neglect, the late notice or some other filing evidencing an intention to appeal must be filed within the forty-day period.

Here Awalt did not file his notice of appeal within the thirty-day permissible extension period. Therefore, he has no right to seek relief by showing excusable neglect.

Because Awalt's notice of appeal was not filed in time and because compliance with Rule 4(b) is mandatory and jurisdictional, his appeal must be dismissed. Accordingly, Awalt's petition for rehearing is

DENIED.

---

1. We postponed action on Awalt's petition pending this court's en banc decision in *Wilson v. Atwood,* 725 F.2d 255 (5th Cir.1984). While that case was a civil matter, it was felt that the en banc decision would provide helpful guidance in delineating the circumstances which would justify a finding of excusable neglect. On February 21, 1984, the en banc decision in *Wilson v. Atwood* was released. *See* 725 F.2d 255 (5th Cir.1984).