**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven Douglas GREEN, Defendant–Appellant.**

No. 95–50393.

United States Court of Appeals,
Ninth Circuit.

Argued, Submission Deferred
April 12, 1996.

Resubmitted July 1, 1996.

Decided July 16, 1996.

Elizabeth A. Missakian, San Diego, California, for defendant-appellant.

George T. Bennett, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: O'SCANNLAIN and TROTT, Circuit Judges, and VAN SICKLE,[2] District Judge.

VAN SICKLE, District Judge:

The defendant appeals the denial of his motion for new trial, Fed.R.Crim.P. 33, in regard to his conviction of conspiracy to possess a controlled substance with intent to distribute, 21 U.S.C. §§ 841(a)(1), 846. We dismiss the appeal due to the defendant's failure to timely file a notice of appeal under Fed.R.App.P. 4(b).

I

Defendant was convicted by a jury in the Southern District of California on March 8, 1991. The presiding judge for the defendant's trial was the Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington. After unsuccessfully appealing his conviction and his sentencing, the defendant filed a Motion for New Trial, pursuant to Fed.R.Crim.P. 33, on December 6, 1994. Judge Tanner signed the order denying the defendant's Motion for a New Trial on April 14, 1994. The order was entered on the criminal docket on April 17, 1995.

Unfortunately, the parties were not mailed a copy of Judge Tanner's order by the Clerk's office. Counsel for the defendant was not aware of the April 17, 1995 order until she happened to come across the document during a review of her client's file on June 26, 1995. Counsel immediately filed a motion to enlarge the time to file the notice of appeal. Judge Tanner granted the defendant's motion on August 14, 1995.

The district court found that there was excusable neglect for the defendant's failure

2. The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

to file a timely notice of appeal. The rule which governs appeals in a criminal case, Fed.R.App.P. 4(b), states as follows:

> "In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry of either the judgment or order appealed from, or a notice of appeal by the Government ...
>
> . . . .
>
> A Judgment or order is entered within the meaning of this subdivision when it is entered on the criminal docket. Upon a showing of excusable neglect, the district court may—before or after the time has expired, with or without motion and notice—extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

Thus, according to Fed.R.App.P. 4(b), the defendant was required to file the notice of appeal of the April 17, 1995 denial of his motion for new trial by April 27, 1995. ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). An extension for excusable neglect would end 30 days later, on May 27, 1995. The district court, however, found that there was excusable neglect for the defendant's inability to comply with Fed.R.App.P. 4(b) due to the failure of the Southern District of California clerk's office to notify the parties of the denial of the motion for new trial, and ordered the clerk to file a notice of appeal in this case on August 14, 1995. Thus, the filing of the notice of appeal in this case took place three-and-a-half months after the expiration of the standard ten-day time frame for criminal appeals, and two-and-a-half months after the expiration of the statutory thirty-day extension for situations where the parties did not comply with Fed.R.App.P. 4(b) due to excusable neglect.

## II

This court faced a similar situation in *United States v. Buzard*, 884 F.2d 475 (9th Cir.1989), *cert. denied*, 495 U.S. 906, 110 S.Ct. 1927, 109 L.Ed.2d 291 (1990). In that case, the district court filed an order on July 26, 1988, which was docketed on July 28, 1988, denying the defendant's motion for a new trial. The clerk failed to mail notice of the order to the parties. On September 23, 1988, counsel for the defendant notified the district judge that he believed the motion for new trial to have not been ruled upon as of that date. The district judge then declared that the order denying the defendant's motion for a new trial would "be deemed to have been filed" in September instead of July. *Id.* at 475.

The *Buzard* court dismissed the defendant's appeal pursuant to Fed.R.App.P. 4(b), even if excusable neglect could be shown, "[b]ecause more than thirty days had elapsed from the expiration of the time otherwise prescribed for filing the notice of appeal." *Id.* See *United States v. Awalt*, 728 F.2d 704 (5th Cir.1984) (dismissing appeal of denial of motion to reduce and correct sentence when appeal was filed 50 days after order was filed, even though court clerk failed to mail copy of the order to the defendant); *United States v. Schuchardt*, 685 F.2d 901 (4th Cir. 1982) (dismissal of appeal filed 43 days after entering of order by district judge which had not been mailed to defendant's counsel). The court also cited Fed.R.Crim.P. 49(c), which expressly states that:

> "Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party a notice thereof and shall make a note in the docket of the mailing. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 4(b) of the Federal Rules of Appellate Procedure."

The notes to the Rule indicate that the second sentence "eliminates the possibility of extension of the time to appeal beyond the provision for a 30 day extension on a showing of 'excusable neglect' provided in [Fed.R.App.P. 4(b) ].... No need appears for an indefinite extension without time limit beyond the 30 day period." Fed.R.Crim.P. 49(c) advisory committee's note. *See* 3A Charles A. Wright, *Federal Practice and*

Procedure § 823 (1982) ("the effect of the second sentence of Rule 49(c) is to preclude extension because of lack of notice beyond the 30–day period now allowed by Appellate Rule 4(b).").

This view was accepted by this court in *United States v. Clark,* 984 F.2d 319, 320 (9th Cir.1993) (per curiam), in which the court held that the district court lacks the authority to extend the defendant's time to file a notice of appeal beyond thirty days past the ten days after the entry of judgment. However, if the defendant does file a notice of appeal within the 30–day period after the ten-day window to file a notice of appeal, this court will uphold the district court's finding of excusable neglect absent an abuse of discretion by the district court. *United States v. Smith,* 60 F.3d 595, 596–97 (9th Cir.1995). Mistake of counsel is not grounds for excusable neglect. *United States v. Prairie Pharmacy, Inc.,* 921 F.2d 211, 213–14 (9th Cir. 1990).

### III

■ The defendant puts forth five reasons why this court should distinguish this case from *Buzard:* (1) the district court judge who presided over this case was a visiting judge from another district; (2) a member of the clerk's staff informed counsel for the defendant that a telephonic oral argument was likely to occur on a motion for new trial; (3) Judge Tanner's April 14, 1995 order stated that it should be mailed to all counsel of record; (4) counsel for the government declared to this court during oral argument that the defendant's appeal should be heard on the merits and not dismissed due to a clerical error; and, (5) there are "unique circumstances" in this case which compel this court to review the denial of the motion for new trial on the merits.

■ The last four claims can be easily dismissed. First, the fact that the court informed the defendant that he would be notified if a telephonic hearing on his motion was scheduled does not affect our jurisdictional inquiry. The district court is not required to hold oral argument, in person or telephonically, in regard to a motion for new trial. *United States v. Thompson,* 493 F.2d

305, 310 (9th Cir.), *cert. denied,* 419 U.S. 834, 95 S.Ct. 60, 42. L.Ed.2d 60. Second, it is clear from established law that the district court's failure to mail a copy of an order to counsel does not toll the running of the ten-day period in which to file a notice of appeal under Fed.R.App.P. 4(b). Fed.R.Crim.P. 49(c). That Judge Tanner specifically requested counsel to be informed does not alter the outcome. *See Schuchardt,* 685 F.2d at 902. Third, the comments of the attorney for the United States during argument do not affect our decision as to whether the defendant can appeal the denial of his motion for a new trial. Compliance with Fed. R.App.P. 4 is "mandatory and jurisdictional", *United States v. Stolarz,* 547 F.2d 108, 109–10 (9th Cir.1976), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977), and cannot be waived by counsel representing either party. Fourth, even if the "unique circumstances" doctrine applies to criminal cases, the facts of the case at bar are not so special as to require us to ignore the Federal Rules of Appellate and Criminal Procedure. *See Thompson v. Immigration and Naturalization Serv.,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964).

■ Finally, we do not feel that this court should distinguish *Buzard* because the presiding judge sat in the Southern District of California by designation. Judge Tanner mailed the order denying the defendant's motion for new trial on April 14, 1995. The order was received by the clerk's office and filed on April 17, 1995. Whether the order was mailed from Tacoma or San Diego is irrelevant since it safely reached the clerk's office and was promptly entered. The mistake by the clerk's office staff did not occur until after the order was received and was not affected by the fact that Judge Tanner was a visiting judge. Furthermore, the law does not recognize any difference in the authority of a district judge visiting from another court versus a judge assigned permanently to that district. A judge on designation "shall have all the powers of a judge of the court, circuit or district, to which he is designated and assigned ...." 28 U.S.C. § 296. This court rejects the request to distinguish between visiting and non-visiting district court judges.

We are aware that the application of Fed. R.App.P. 4(b), in conjunction with Fed. R.Crim.P. 49(c), can be harsh to a criminal defendant. Here, the defendant will not have the opportunity to appeal the denial of a motion of a new trial merely because a member of the Southern District of California clerk's office failed to send him a copy of the order. That, however, is the law of this Circuit.

We note that the burden on attorneys who represent criminal defendants to protect themselves against what happened in this case is not onerous. Defendant need only file a notice of appeal with the motion for a new trial. Should the district court deny the new trial motion, the notice of appeal will become effective on the date of the denial. Fed.R.App.P. 4(b); *United States v. Cortes*, 895 F.2d 1245, 1246–47 (9th Cir.), *cert. denied*, 495 U.S. 939, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990).

The defendant's appeal of the denial of his Motion for New Trial is dismissed. The defendant's motion to strike certain comments of Special Assistant United States Attorney Bennett made during oral argument and his motion to strike a portion of the government's letter brief are also dismissed.

APPEAL DISMISSED.