112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John BUCKLEY, aka Buckley Thornton, Defendant-Appellant.
 No. 96-10453.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1997.*
Decided April 23, 1997.
 
 Before: NOONAN and TROTT, Circuit Judges, and MOSKOWITZ,** District Judge.
 ORDER***
 John Buckley, aka Buckley Thornton ("Buckley"), appeals from the district court's minute order in response to Buckley's "Motion to Clarify Date Supervised Release Begins and Ends." Because Buckley failed to file a timely notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b), we have no jurisdiction to review his claims.
 BACKGROUND
 Buckley pled guilty to one count of Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b). The district court sentenced him to fifteen-months imprisonment, followed by a one-year term of supervised release. The district court's judgment was entered on November 6, 1995, and Buckley did not appeal.
 Federal authorities released Buckley on December 19, 1995. Buckley was immediately taken into custody by Nevada authorities to begin serving a sentence from a 1977 Nevada state conviction for possession of marijuana. Nevada authorities paroled Buckley on June 25, 1996.
 Upon his parole, the Probation Office informed Buckley that his term of supervised release had commenced on June 25, 1996 (the date of his release from Nevada prison) and would continue until June 25, 1997. On July 26, 1996, Buckley filed a pro se motion to clarify the date on which his supervised release term commenced. In this motion, Buckley argued to the district court: (1) that the federal authorities had waived jurisdiction over him by surrendering him to Nevada authorities; and (2) that he is entitled to credit his time in state custody against the federal supervised release sentence.
 The district court rejected both arguments, ruling that: (1) the government had not waived its right to enforce the supervised release sentence by releasing Buckley to state authorities; and (2) by federal statute, Buckley's term of supervised release was tolled during his period of state incarceration, see 18 U.S.C. § 3624(e) ("A period of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime, unless the imprisonment is for a period of less than 30 consecutive days."). Accordingly, the district court ruled that Buckley's supervised release term began on June 25, 1996.
 The district court's minute order was entered on August 27, 1996. On September 6, 1996, Buckley's probation officer, Lucinda Palmer, mailed him a copy of the district court's order. Buckley did not file this notice of appeal until September 26, 1996.
 On September 27, 1996, Buckley also filed a motion to reconsider his motion to clarify the dates of his supervised release term. The district court declined to hear this motion on October 16, 1996.
 DISCUSSION
 Under Federal Rule of Appellate Procedure 4(b), a defendant must file a notice of appeal "within 10 days after the entry of ... the judgment or order appealed from." Buckley appeals from the district court's minute order, entered on August 27, 1995.
 In Ingram v. Acands, Inc., 977 F.2d 1332, 1339 (9th Cir.1992), we held that a minute order constitutes a dispositive order for notice of appeal purposes if: (1) it states that it is an order; (2) it is mailed to counsel; (3) it is signed by the clerk who prepared it; and (4) it is entered on the docket sheet. Although the record shows that the district court's minute order satisfied elements (1), (3), and (4), there is no evidence in the record that the clerk mailed a copy of the minute order to the defendant (who was representing himself). However, the defendant admits in his notice of appeal that he received a copy of the minute order from his probation officer on September 9, 1996. We hold that, under these circumstances, the district court's minute order constituted a dispositive order for notice of appeal purposes.
 Buckley did not file a notice of appeal within 10 days after entry of the district court's minute order. Buckley's subsequent motion for reconsideration did not toll the time period for filing a notice of appeal, because this motion also was not filed within ten days. See United States v. Lefler, 880 F.2d 233, 234 (9th Cir.1989). Accordingly, we have no jurisdiction to review Buckley's claims. United States v. Green, 89 F.3d 657, 660 (9th Cir.1996).
 Rule 4(b) does authorize a district court, upon a showing of excusable neglect, to extend the time for filing a notice of appeal for a period not exceeding thirty days. Buckley argued in his notice of appeal that his failure to file a timely notice of appeal should be excused because the district court allegedly failed to mail him a copy of its order. Because Buckley filed the notice of appeal within forty days after the district court's order, we remand to the district court for the limited purpose of determining whether excusable neglect exists for the late filing of the notice of appeal. See United States v. Ono, 72 F.3d 101, 102 (9th Cir.1995).
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3