**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Woodrow TARRANT, Defendant–Appellant.**

**No. 96–4394.**

United States Court of Appeals, Sixth Circuit.

Argued July 22, 1998.

Decided Oct. 21, 1998.

Robert A. Burke (argued and briefed), Shaffer, Klaine, Wiley & Hoffmann, Cincinnati, OH, for Appellant.

Michael J. Burns (argued and briefed), Office of the U.S. Attorney, Columbus, OH, for Appellee.

Before: KENNEDY and RYAN, Circuit Judges; BORMAN, District Judge.*

### OPINION

RYAN, Circuit Judge.

The defendant Woodrow Tarrant pleaded guilty to certain narcotics-trafficking and firearm offenses in violation of 18 U.S.C. § 924(c) and 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. After the time for filing a claim of appeal had expired, Tarrant filed a Motion for Extension of Time to File Notice of Appeal. The district court denied the motion on the ground that it was without jurisdiction

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michi-      gan, sitting by designation.

to grant the requested relief. On appeal, Tarrant claims the district court erred, but we think it did not and, therefore, we shall affirm the district court's judgment.

## I.

On August 1, 1996, Tarrant was sentenced to prison following conviction for two narcotics-trafficking offenses and one firearm offense and advised that he had 10 days following entry of the judgment to file a notice of appeal. The judgment was entered on August 5, 1996. On September 25, 1996, Tarrant's counsel notified the district court that he received a letter from Tarrant dated September 6, 1996, expressing a desire to appeal. On September 26, 1996 (52 days after the entry of judgment), Tarrant filed a notice of appeal. Apparently recognizing that his notice of appeal was untimely, on November 25, 1996, Tarrant filed a motion pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure to extend the time for filing a notice of appeal, which the district court denied.

## II.

 Rule 4(b) of the Federal Rules of Appellate Procedure states that in a criminal case, a defendant must file a notice of appeal within 10 days after the entry of the judgment. The rule further states that "[u]pon a showing of excusable neglect, the district court may ... extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed." Fed. R.App. P. 4(b)(4). Accordingly, a district court has the discretion to consider a motion to extend the time for appeal beyond the 10–day deadline *if and only if* it is filed within 30 days after the 10–day deadline, or 40 days from the date of the entry of judgment. *See United States v. Hoye,* 548 F.2d 1271, 1273 (6th Cir.1977).

 Here, the earliest indication received by the district court that the defendant wished to appeal was the letter dated September 25, 1996, which was 11 days beyond the 40–day deadline and 51 days after the entry of judgment. Regardless of whether Tarrant could show excusable neglect for failing to file earlier, the district court lacked jurisdiction to extend the time for appeal because Tarrant did not file his motion within the 40–day deadline.

## III.

Accordingly, we **AFFIRM** the district court's decision.