USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1373

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 STEVEN P. RAPOPORT,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]
 

 Before
 
 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 

 Michael J. Sacchitella with whom Jantzen & Sacchitella was on
brief for appellant.
 Mark J. Balthazard, Assistant United States Attorney, with
whom Donald K. Stern, United States Attorney, was on brief for
appellee.

October 27, 1998

 
 STAHL, Circuit Judge. Steven P. Rapoport pleaded guilty
to one count of conspiring to commit wire fraud and the interstate
transport of stolen property in violation of 18 U.S.C. 371. The
district court's sentence included, inter alia, an order of
restitution and a fine. On appeal, Rapoport asks us to vacate 
these two elements of his sentence. Because Rapoport's notice of
appeal was untimely, we dismiss for lack of jurisdiction.
 I.
 Rapoport, a lawyer, conspired with Eric Landau to defraud
an elderly businessman of over two million dollars. Ultimately
becoming suspicious of the pair's activity, the victim demanded an
accounting. Thereafter Rapoport and Landau made numerous attempts
to conceal their wrongdoing, finally resulting in the victim's
filing a civil claim against them. Criminal charges followed and
Rapoport subsequently pleaded guilty to one conspiracy count.
 On October 24, 1997, the district court sentenced
Rapoport. Six days later, Rapoport filed a "Motion to Correct
Sentence as a Result of Clear Error" pursuant to Fed. R. Crim. P.
35(c). On November 3, the district court denied the Rule 35(c)
motion, and on November 10, Rapoport moved for reconsideration of
the denial. Although that motion was denied on November 13, the
clerk's office neglected to notify Rapoport's attorney of the
denial. 
 On January 14, 1998, after learning independently that
the district court had denied the motion to reconsider, Rapoport
moved to extend the time to file a notice of appeal. On February
2, while this motion was under advisement, Rapoport filed an
untimely notice of appeal, which was dismissed. On March 5, 1998,
Rapoport filed a motion to vacate the judgment and to re-sentence
him, "for the sole and exclusive purpose of permitting him an
opportunity to take a direct appeal." Rapoport claimed that he was
entitled to this relief because the clerk had failed to notify him
of the denial of his November 10, 1997, motion for reconsideration. 
After a hearing in which the government expressed no opposition,
the district court granted the motion to vacate and then re-
sentenced Rapoport on March 23, 1998. Rapoport immediately filed
a new notice of appeal that was timely with respect to the re-
sentencing.
 II.
 Although the parties' briefs discuss only the propriety
of the lower court's sentence, we confine our focus to the question
of appellate jurisdiction. Cf. Steel Co. v. Citizens for a Better
Environment, 118 S. Ct. 1003, 1012 (1998). Fed. R. App. P. 4(b)
requires criminal defendants to file a notice of appeal "within 10
days after the entry . . . of the judgment or order appealed from
. . . ." Upon a showing of excusable neglect, the district court
may extend this time limit "for a period not to exceed 30 days from
the expiration of the time otherwise prescribed." Id. Criminal
defendants therefore have a maximum of forty days (ten plus up to
thirty for excusable neglect) in which to file a timely notice of
appeal. "Courts cannot extend the time period beyond the forty-
day time period prescribed by Rule 4(b)." United States v. Awalt,
728 F.2d 704, 705 (5th Cir. 1984).
 Certain post-trial motions do toll the running of the
appeals period. See, e.g., Fed. R. App. P. 4(b)(listing motions). 
A motion filed pursuant to Fed. R. Crim. P. 35(c), for example,
tolls the running of the appeals period until the earlier of either
a ruling on the Rule 35(c) motion or the passage of seven days from
imposition of the sentence allegedly requiring correction. SeeUnited States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993). After
seven days, a district court no longer has power to correct a
sentence pursuant to Rule 35(c). See Fed. R. Crim. P. 35(c) ("The
court, acting within 7 days after the imposition of sentence, may
correct a sentence that was imposed as a result of arithmetical,
technical, or other clear error.")(emphasis added); Advisory
Committee Notes (1991 amendment) (discussing the new rule's
"stringent time requirement").
 Compliance with the time limits set forth in Fed. R. App.
P. 4(b) is "mandatory and jurisdictional." United States v.
Robinson, 361 U.S. 220, 226 & n.8 (1960)(citing cases and
describing history of predecessor to Rule 4(b)); Morillo, 8 F.3d at
867. Indeed, Fed. R. App. P. 26(b) explicitly prohibits this court
from enlarging the time permitted for filing a notice of appeal. 
Similarly, the time limits in Fed. R. Crim. P. 35 are "absolute":
"[t]he drafters of the rule were concerned lest they pave further
avenues of delay within the criminal justice system." Morillo, 8
F.3d at 869; see also United States v. Fahm, 13 F.3d 447, 453 (1st
Cir. 1994) (holding that seven-day period in Rule 35(c) is
jurisdictional).
 In this case, Rapoport failed to file his notice of
appeal within the forty-day period, including the tolling period
applicable to Rule 35(c) motions. Rapoport's notice of appeal was
therefore untimely and we must dismiss for lack of jurisdiction. 

 Our decision in this case is fully supported by decisions
in other Circuits. See, e.g., United States v. Buzard, 884 F.2d
475, 476 (9th Cir. 1989)(per curiam) (cited with approval in United
States v. Green, 89 F.3d 657, 659 (9th Cir.), cert. denied, 117 S.
Ct. 408 (1996)); Awalt, 728 F.2d at 705; United States v.
Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982) (per curiam); United
States v. Hoye, 548 F.2d 1271, 1272-73 (6th Cir. 1977)(per curiam). 
In Buzard, for example, the district court denied defendant's
timely motion for a new trial on July 26, 1988. The court clerk
failed to mail notice of the order to the parties. On September
23, 1988, the defendant advised the district court that he believed
the motion was still under consideration. The court deemed its
July order denying a new trial to have been filed on September 23,
so that defendant could file a timely appeal. The Ninth Circuit
dismissed the appeal for lack of jurisdiction, reasoning that the
district court had not been authorized to extend the time of
appeal, even if excusable neglect were shown. So it is here. 
 III.
 For the foregoing reasons, we decline to address
Rapoport's substantive arguments and DISMISS Rapoport's appeal for
lack of jurisdiction.
 Appeal Dismissed.