**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4029

CHARLIE ANDREW EVANS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-96-222)

Submitted: June 15, 1999

Decided: July 23, 1999

Before WIDENER and ERVIN, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Greensboro, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant
United States Attorney, Greensboro, North Carolina for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charlie Andrew Evans pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994). The judgment of conviction was entered on September 24, 1997. At the sentencing hearing, the district court informed Evans that he had ten days to note an appeal. On November 17, 1997, Evans filed a pro se notice of appeal, which the district court construed as a motion for an extension of the appeal period. On December 19, 1997, the district court granted the motion and extended the appeal period until December 31, 1997. Evans filed a second notice of appeal on December 29, 1997.

Although the Government does not challenge this court's jurisdiction to consider this appeal, "the Court is obligated to review its jurisdiction sua sponte in all cases." See United States v. Blackwell, 900 F.2d 742, 746 (4th Cir. 1990). Rule 4(b) of the Federal Rules of Appellate Procedure requires a notice of appeal in a criminal case to be filed within ten days of entry of judgment. The district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect or good cause. The appeal periods established by Rule 4(b) for criminal appeals are "mandatory and jurisdictional." See United States v. Raynor , 939 F.2d 191, 197 (4th Cir. 1991). The district court may not otherwise extend the time for filing a notice of appeal. See United States v. Awalt, 728 F.2d 704, 705 (5th Cir. 1984).

Evans's November 17 notice of appeal was filed more than forty days after the entry of judgment. Because that pleading was filed beyond the forty-day period, it was untimely even if construed as a motion to extend the appeal period. Furthermore, the district court was without authority to extend the appeal period beyond the forty days and permit Evans until December 31, 1997, in which to file a notice of appeal. See, e.g., United States v. Tarrant, 158 F.3d 946, 947 (6th Cir. 1998) (district court has discretion to grant motion to extend appeal period only if motion to extend is filed within forty days of entry of judgment), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3527 (U.S. Feb. 22, 1999) (No. 98-7725); Awalt , 728 F.2d at 705 ("To

2

have the opportunity to seek relief by showing excusable neglect, the late notice or some other filing evidencing an intention to appeal must be filed within the forty-day period."); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982) (criminal defendant's motion to file a late notice of appeal, filed beyond the thirty-day extension period, was untimely). Consequently, we are without jurisdiction to hear the appeal. See Raynor, 939 F.2d at 197. We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED