**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 00-4109

WILLIE E. GAYLES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-49)

Submitted: July 20, 2000

Decided: August 8, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Amy M. Curtis, BOWEN, BRYANT, CHAMPLIN & CARR, Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Stephen W. Miller, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie E. Gayles appeals from a ninety-two month sentence imposed following his conditional guilty plea to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 2000). For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

Although the Government does not challenge our jurisdiction to consider this appeal, we are obligated to review our jurisdiction sua sponte in all cases. See United States v. Blackwell, 900 F.2d 742, 746 (4th Cir. 1990). The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson , 361 U.S. 220, 229 (1960)). Appeals in criminal cases must be brought within ten days after entry of the judgment. See Fed. R. App. P. 4(b)(1). This appeal period may be extended for a period of time not to exceed thirty days from the expiration of the ten-day appeal period. See Fed. R. App. P. 4(b)(4); see also United States v. Tarrant, 158 F.3d 946, 947 (6th Cir. 1998), cert. denied, 525 U.S. 1168 (1999); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982).

Gayles' failure to note a timely appeal or obtain an extension of the appeal period within the applicable extension period leaves this court without jurisdiction to consider the merits of his appeal. Moreover, the record does not conclusively demonstrate that his failure to note a timely appeal was due to counsel's deficient representation. Accordingly, we dismiss the appeal without prejudice to Gayles' right to seek relief under 28 U.S.C.A. § 2255 (West Supp. 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED