**UNITED STATES of America,**

v.

**Sean HARRISON.**

**Criminal Action Nos. 97–176, 97–313.**

United States District Court,
E.D. Louisiana.

Sept. 28, 2000.

Virginia LaughlinSchlueter, Federal Public Defender, New Orleans, for Sean Harrison.

Sean Harrison, Anthony, TX, pro se.

Francis M.C. King, U.S. Attorney's Office, New Orleans, LA, for United States.

PORTEOUS, District Judge.

Before this Court is what the defendant, Sean Harrison, has entitled his "Motion for Reconsideration And Permission Of The Trial Court To Re–Open His Direct Appeal In Case Nos: 98–30141, 98–30142 And to Supplement The Issues As An Late Direct Appeal File–Out–Of–Time Based Upon Excusable Neglect To Timely File," The Court, having studied the memoranda filed on behalf of the parties, the Court record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

## I. BACKGROUND

On June 11, 1997, Harrison was arrested and charged with conspiracy to possess with intent to distribute cocaine. Shortly thereafter, he was released on bond and subsequently indicted.

On September 18, 1997, Sean Harrison was arrested once more and charged with possession with intent to distribute cocaine. He was detained without bond and subsequently indicted.

On November 11, 1997, he plead guilty to both indictments. Shortly thereafter, this Court's judgement and conviction was entered on January 30, 1998. Harrison filed a timely notice of appeal on February 5, 1998 and subsequently filed a motion to dismiss this appeal. His motion to dismiss was granted by the United States Court of Appeals for the Fifth Circuit on December 18, 1998. Now, two years later, Sean Harrison seeks to have this Court reopen his Fifth Circuit appeal proceedings.

## II. LAW AND ANALYSIS

■ Harrison's request for this Court to reopen his direct appeal is barred by Federal Rules of Appellate Procedure ("Fed. R.App.P.") 4. As the government contends, Rule 4(b) does not grant district courts discretion to reopen federal criminal appeals proceedings previously dismissed by a United States Court of Appeals. *Compare* Fed.R.App.P. 4(b) (a district court's narrow authority in criminal appeals to reopen appellate filing times), *with* Fed. R.App.P. 4(a)(6) (a district court's authority in civil appeals to grant extensions of time to file a notice of appeal).[1] *Cf. Goodwin v. Johnson,* 224 F.3d 450, 2000 WL 1168197, at *7 (5th Cir. Aug.17, 2000) (discussing Circuit Court's inherent authority to recall earlier mandate, yet highlighting countervailing "paramount" state finality interest in criminal cases).

■ Moreover, Harrison requests that his case be reopened based on the theory of excusable neglect. Harrison asserts that the failure of his counsel to inform him of his legal rights concerning the dismissal of his appeal constituted excusable neglect.[2] According to Rule 4(b), the notice of appeal in a criminal case must be filed in the district court within ten days after the entry of the judgment or order appealed from. Fed.R.App.P. 4(b)(1)(A). However, upon a finding of excusable neglect, a district court may extend this ten day period for up to thirty days from the expiration of the ten-day period. Fed.R.App.P. 4(b)(4). The filing of an untimely notice of appeal within the additional thirty-day period is treated as a motion for determination of whether excusable neglect entitled a defendant to an

---

1. As the government asserts, even if available, Rule 4(a)(6) would be ineffective by its own explicit terms. Under Rule 4(a)(6), there are several preconditions that must be satisfied prior to a district court reopening a prior civil appeal. Harrison fails at least two of these three requirements. First, his present request has been filed beyond the required 180 day time limit, *See* Fed.R.App.P. 4(a)(6)(A), and second, Harrison does not contend that he lacked notice of the judgment entry rendered

by the district court. *See* Fed.R.App.R. 4(a)(6)(B).

2. As stated by the government, allegations of ineffective assistance of counsel are not generally heard on direct appeal, *United States v. Bermea,* 30 F.3d 1539, 1574 n. 4 (5th Cir. 1994). Thus, such an allegation would not constitute excusable neglect for the Fifth Circuit to recall its dismissal order and reinstate Harrison's direct appeal.

extension of the time to appeal. *United States v. Clay*, 1995 WL 626123 at *1 (E.D.La.) (citing *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir.1984)).

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking [into] account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Halicki v. Louisiana Casino Cruises*, 151 F.3d 465, 468 (5th Cir.1998) (adopting the *Pioneer Investment Services Co. v. Brunswick*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) standard of "excusable neglect").

In this case, excusable neglect case law would disallow Harrison's request to reopen his direct appeal. Not only did Harrison consent to his own appeal, he affirmatively requested that the Fifth Circuit dismiss his appeal and asked that the government not oppose that request. His intention is manifested in his motion to dismiss filed to the Fifth Circuit: "After reviewing the issues, including several not raised in the brief itself, but likely to arise if this matter is remanded for resentencing [sic], Appellant has instructed counsel to file a motion dismissing his appeal in this matter." As such, Harrison was within reasonable control of the proceedings and was not prejudiced by his decision to dismiss his appeal. Therefore, Harrison's request to reopen his direct appeal based upon excusable neglect should be denied.

Accordingly,

**IT IS ORDERED** that the "Motion for Reconsideration And Permission Of The Trial Court To Re–Open His Direct Appeal In Case Nos: 98–30141, 98–30142 And to Supplement The Issues As An Late Direct Appeal File–Out–Of–Time Based Upon Excusable Neglect To Timely File," filed on behalf of Sean Harrison, is hereby **DENIED.**