UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 00-4398

WILLIAM TISDALE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-303)

Submitted: October 17, 2000

Decided: November 16, 2000

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa S. Costner, Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Tisdale pled guilty to possession with intent to deliver cocaine base ("crack"), in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A) (West 1999), and was sentenced to 262 months in prison to run consecutively with the remainder of his state sentence, five years of supervised release, and a special assessment of $100. Tisdale, through counsel, has appealed raising one argument regarding sentencing, but, in accordance with Anders v. California, 386 U.S. 738 (1967), states that there are no meritorious issues for appeal. Tisdale was notified of his right to file a supplemental brief but has not done so. Because Tisdale's notice of appeal was untimely filed, we dismiss this appeal.

Although the Government does not challenge our jurisdiction to consider this appeal, we are obligated to review our jurisdiction sua sponte in all cases. See Maksymchuk v. Frank, 987 F.2d 1072, 1075 (4th Cir. 1993). The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appeals in criminal cases must be brought within ten days after entry of the judgment. See Fed. R. App. P. 4(b)(1). This appeal period may be extended for a period of time not to exceed thirty days from the expiration of the ten-day appeal period. See Fed. R. App. P. 4(b)(4); see also United States v. Tarrant, 158 F.3d 946, 947 (6th Cir. 1998), cert. denied, 525 U.S. 1168 (1999); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982).

Tisdale's failure to note a timely appeal or to obtain an extension of the appeal period within the applicable extension period leaves this court without jurisdiction to consider the merits of his appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. This Court requires that Counsel inform her client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Coun-

2

sel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3

0