# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-30026

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL O'SHEA HEARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(98-CR-30011-1)

_____

December 7, 2000

Before POLITZ, SMITH, and PARKER,
    Circuit Judges.

PER CURIAM:[*]

Michael Heard was sentenced on October

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

20, 1999, and the court entered the judgment on October 26, 1999. The court appointed an attorney on October 25, 1999. Heard filed no motions or notices of appeal after the entry of the judgment until December 21, 1999. The district court granted his motion for out-of-time appeal on January 3, 2000, and Heard filed his appeal that day.

## I.

"A timely notice of appeal . . . is a prerequisite to our exercise of jurisdiction." _United States v. Winn,_ 948 F.2d 145, 153 (5th Cir.

1991). Under FED. R. APP. P. 4(b), a defendant has ten days after the entry of the judgment being appealed to file his notice of appeal. Rule 4(b)(4) allows a district court to extend the time for filing for an additional thirty days if it finds "excusable neglect" or "good cause."

Heard waited over forty days to move for an out-of-time appeal. In *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984), we held that "[c]ourts cannot extend the time period beyond the forty-day time period prescribed by Rule 4(b)." A "late notice or some other filing evidencing an intention to appeal must be filed within the forty-day period." *Id.*

## II.

We have treated the appointment of counsel as the equivalent of the grant of an out-of-time appeal. *See United States v. Lister,* 53 F.3d 66 (5th Cir. 1995); *United States v. Quimby,* 636 F.2d 86 (5th Cir. Unit A Feb. 1981). In *Quimby*, this court treated the district court's authorization for defendant to proceed *in forma pauperis* on appeal twelve days after the entry of judgment as a finding of excusable neglect. 636 F.2d at 89. *Lister* extended this reasoning to find a court's ruling on defendant's motion for appointment of substitute appellate counsel tantamount to a finding of excusable neglect. 52 F.3d at 68.

Even this liberal construction, however, does not assist Heard. Both Quimby and Lister filed their notices of appeal within the forty-day limit. Heard filed no motion within this time, and *Awalt* plainly indicates that some filing within the forty-day period is necessary for the court even to consider extending the time for excusable neglect. Thus, the district court erred in granting the motion for out-of-time appeal.

Even if the time for filing a motion for out-of-time appeal had expired, the district court could have granted an appeal pursuant to 28 U.S.C. § 2255.[2] *See Mack v. Smith,* 659 F.2d 23, 25-26 (Former 5th Cir. Oct. 1981). Cases in which § 2255 motions have essentially allowed out-of-time appeals generally allege ineffective assistance of counsel. *See, e.g., United States v. Lankford,* 196 F.3d 563, 569 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 1984 (2000); *United States v. Clark,* 193 F.3d 845, 846 (5th Cir. 1999); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982); *Mack*, 659 F.2d at 25. There is no allegation of ineffective assistance.

Therefore, because Heard failed to file any motion or notice of appeal within the forty-day period afforded by the extension, we find no ground on which the district court properly could base its motion to grant an out-of-time appeal. We therefore DISMISS the appeal for want of jurisdiction.

---

[2] The relevant portion of the statute reads:

If the court finds . . . that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

2