**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GENE RAYMOND PHILLIPS, JR.,

      Defendant - Appellant.

No. 02-6071
(D.C. No. 01-CV-702-L,
99-CR-168-L)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Gene Raymond Phillips, Jr., a federal inmate

appearing pro se, seeks a certificate of appealability ("COA") allowing him to

appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion.

The district court dismissed the motion as time-barred under the one-year

limitation period of 28 U.S.C. § 2255, while indicating that the grounds had no

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

merit. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because Mr. Phillips has not "made a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

On October 15, 1999, Mr. Phillips was charged in a one-count information with knowingly and intentionally possessing with intent to distribute methamphetamine. On October 28, 1999, Mr. Phillips entered a plea of guilty, and on April 11, 2000, the court sentenced him to 188 months imprisonment to be followed by a four-year term of supervised release. Judgment was entered on April 13, 2000. Mr. Phillips failed to appeal his conviction, and the judgment became final on April 27, 2000, ten days (excluding intermediate Saturdays and Sundays) after entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Crim. P. 45(a). Mr. Phillips applied for an extension of time to file an appeal on April 12, 2001, Doc. 25, and the district court denied it on April 16, 2001, reasoning that it could not extend the time for an appeal past the thirty days allowed in Fed. R. Crim. P. 4(b)(4). R. Doc. 26. Mr. Phillips then mailed his § 2255 motion April 30, 2001, and it was filed on May 7, 2001.

In reviewing the denial of a § 2255 motion, we review for clear error the district court's factual findings, and we review legal conclusions de novo. United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998). On appeal, Mr. Phillips

argues that his § 2255 motion should be considered timely because he requested an extension of time prior to the expiration of the one-year deadline in § 2255. Aplt. Br. at 16. He also argues that he had an additional 90 days to file a § 2255 motion because his conviction did not become final until the time for filing a certiorari petition passed. Aplt. Br. at 16-f.

Contrary to Mr. Phillips's contention, his conviction became final when the possibility of direct review ended–when he failed to take a direct appeal within ten days of the entry of the judgment and sentence. See United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000) (holding that the one-year limitation period begins to run when, after *direct appeal*, the time for filing a certiorari petition expires). The district court was undoubtedly correct in denying Mr. Phillips's motion for an extension of time to appeal. United States v. Tarrant, 158 F.3d 946, 947 (6th Cir. 1998). Mr. Phillips requested an extension of time to file an **appeal**, not to file a § 2255 motion, and that is what the district court acted on. Even assuming that Mr. Phillips confused a direct appeal with a § 2255 motion, the circumstances recited in his motion for an extension of time to file a direct appeal are not sufficiently extraordinary so as to warrant equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Because we find Mr. Phillips's § 2255 motion untimely, we decline to address the other issues he seeks to raise in this appeal.

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge