**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Samgodson ESSELL, Defendant—**
**Appellant.**

No. 03–50000.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Gregory W. Jessner, Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Samgodson Essell, Federal Correctional Institution, White Deer, PA, pro se.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

### MEMORANDUM **

Federal prisoner Samgodson Essell appeals pro se the district court's denial of his request for reconsideration of the denial of his 18 U.S.C. § 3582 motion to modify his sentence. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of an extension of time to file a notice of appeal for abuse of discretion, *see Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1411 (9th Cir.1986), and we affirm.

Essell argues that his failure to file a timely notice of appeal is excusable neglect because the district court did not inform him of the denial of his section 3582 motion. He thus contends that the district court erred in denying his motion for reconsideration. Even assuming excusable neglect, Essell's contention must fail. *See United States v. Buzard,* 884 F.2d 475, 475–76 (9th Cir.1989) (stating that a court's failure to notify parties of its order does not toll the time in which to file a notice of appeal); *see also United States v. Green,* 89 F.3d 657, 660–61 (9th Cir.1996) (stating that a district court cannot extend the time to file a notice of appeal beyond 40 days after the entry of judgment).

Additionally, because Essell did not receive specific assurances from the district court, he does not qualify for the unique circumstances doctrine. This doctrine "applies only where a court has affirmatively assured a party that its appeal will be timely." *In re Slimick,* 928 F.2d 304, 310 (9th Cir.1990).

AFFIRMED.[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Appellant's motion for extension of time to file a reply brief is denied as unnecessary. The reply brief was filed in a timely manner. The Clerk is instructed to file the Appellant's brief received on November 3, 2003.