**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Deanne LEMAY, Defendant—Appellee.**

Nos. 06–30022, 06–30023.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellant.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, Wendy L. Holton, Esq., Helena, MT, for Defendant–Appellee.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Deanne LeMay appeals from the district court's order declining to resentence her following remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), and from the district court's order concluding that it lacked authority to grant an extension of time to file a notice of

appeal from the order declining to resentence LeMay.

LeMay contends that the ten day period to file a notice of appeal pursuant to Fed. R.App. P. 4(b) did not begin to run following the entry of the order declining to resentence her, because she lacked counsel and was not notified of her right to appeal pursuant to Fed.R.Crim.P. 32(j)(1)(B). We conclude that Fed.R.Crim.P. 32(j)(1)(B) does not apply to the district court's determination as to whether resentencing is warranted following remand under *Ameline*, because that rule applies only after sentencing, and the *Ameline* determination on remand does not constitute "sentencing" for purposes of the rule. *See United States v. Silva*, 472 F.3d 683, 688–89 (9th Cir.2007) (rejecting the contention that Rule 32 gives rise to a right to allocution prior to the district court's determination as to whether resentencing is warranted following remand under *Ameline* ).

Furthermore, we conclude that the district court did not abuse its discretion by denying LeMay's first motion for extension of time to file a notice of appeal on the ground that counsel had not been approved to appear pro hac vice. *See United States v. Prairie Pharmacy*, 921 F.2d 211, 212–14 (9th Cir.1990).

The district court did not err in concluding that it lacked authority to grant LeMay's renewed motion to file a delayed notice of appeal, because that motion was filed over 40 days after entry of the order LeMay sought to appeal. *See* Fed. R.App. P. 4(b)(4); *United States v. Green*, 89 F.3d 657, 659–60 (9th Cir.1996). Accordingly, in appeal number 06–30023, we affirm the district court's order concluding that it

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lacked jurisdiction to grant the requested extension of time to file an untimely notice of appeal.

We dismiss appeal number 06–30022 for lack of jurisdiction because the notice of appeal from the district court's order declining to resentence LeMay was untimely. *See* Fed. R.App. P. 4(b); *see also Green,* 89 F.3d at 659–60.

**APPEAL No. 06–30022 DISMISSED; APPEAL No. 06–30023 AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.