# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2013

No. 12-41046
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMANTHA RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1664-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Samantha Rodriguez entered a conditional guilty plea to one count of making a false statement in acquisition of a firearm. She appeals, arguing that the district court erred in denying her motion to suppress evidence. The Government argues that the appeal should be dismissed because Rodriguez failed to file a timely notice of appeal.

A defendant in a criminal case generally has 14 days from the entry of the judgment on the criminal docket to file a notice of appeal. FED. R. APP.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

P. 4(b)(1)(A)(i), (b)(6).  This time limit is mandatory but not jurisdictional.  *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).  "[W]hen an appellee properly objects to an untimely filed appeal . . . the court's duty to dismiss the appeal is just as mandatory as if the rule were jurisdictional." *Burnley v. City of San Antonio*, 470 F.3d 189, 192 n.1 (5th Cir. 2006).

Rodriguez had until July 12, 2012, to timely notice her appeal from the criminal judgment, which was entered on June 28, 2012.  *See* FED. R. APP. P. 4(c)(1).  The letter that serves as Rodriguez's pro se notice of appeal bears the date July 9, 2012, but the record shows that Rodriguez's mailing to the district court was postmarked September 10, 2012, and the notice of appeal was received by the district court on September 12, 2012.

Because she was an inmate confined in an institution, Rodriguez could have filed her notice of appeal in a timely manner by depositing it "in the institution's internal mail system on or before the last day for filing."  FED. R. APP. P. 4(c)(1).  Under Rule 4(c)(1), "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."  *Id.*  The record, however, does not contain a declaration or a notarized statement from Rodriguez as contemplated by Rule 4(c)(1).  Because Rodriguez failed to comply with the filing requirements for inmates set forth in Rule 4(c)(1), this court cannot consider her notice of appeal to have been timely filed.

The other provisions of Rule 4(b) are of no benefit to Rodriguez.  Pursuant to Rule 4(b)(4)(B), the district court may "grant an additional 30 days in which to file a notice of appeal upon a showing of 'excusable neglect' or 'good cause.'" *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).  "The filing of an untimely notice of appeal within the 30-day period is customarily treated by this court in a criminal case as a motion for a determination whether excusable neglect or good cause entitles the defendant to an extension of time to appeal."

*Id.*  Here, however, the 30-day period expired on August 13, 2013, before Rodriguez's notice of appeal was filed.  As Rodriguez's notice of appeal was not filed within the permissible extension period, she cannot seek relief by showing excusable neglect or good cause.  *See United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984).

Because the notice of appeal was not timely filed, the appeal is DISMISSED.