UNITED STATES of America, Appellee,

v.

John SCHUCHARDT, Appellant.

No. 82–6017.

United States Court of Appeals,
Fourth Circuit.

Argued May 3, 1982.

Decided Aug. 11, 1982.

Bernard J. DiMuro, Alexandria, Va. (Hirschkop & Grad, P.C., Alexandria, Va., on brief), for appellant.

Robert S. Powell, Alexandria, Va. (Elsie L. Munsell, U. S. Atty., Joseph J. Aronica, Asst. U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and HAMILTON,* District Judge.

* Honorable Clyde H. Hamilton, United States District Judge for the District of South Carolina, sitting by designation.

PER CURIAM:

John Schuchardt, an attorney licensed to practice in Illinois and Vermont, was convicted by a magistrate's court jury on May 18, 1981, on a charge of depredation against government property in violation of 18 U.S.C. § 1361. He was sentenced to a one year term of imprisonment. On appeal to the United States District Court for the Eastern District of Virginia, Alexandria Division, his conviction and sentence were affirmed by an order entered August 27, 1981. Later asserting that neither he nor his retained counsel received a copy of the August 27, 1981, order until after the 10 day period provided in Rule 4(b) of the Federal Rules of Appellate Procedure, appellant sought leave to file a belated appeal, which motion was denied.

Appellant appeals his conviction and sentence on several grounds. For the reasons hereinafter stated, we conclude that the appeal must be dismissed for lack of jurisdiction.

Schuchardt's conviction and sentence were affirmed by the district court by memorandum opinion and order entered August 27, 1981. The docket sheet reflected "copies to all counsel of record." Schuchardt received a copy of the memorandum opinion and order on or about September 24, 1981, as mailed by the clerk's office to him at his Baltimore address and from there forwarded to Schuchardt at the Western Penitentiary, Pittsburg, Pennsylvania, where he was serving a sentence of three to ten years for an unrelated state court conviction. Retained counsel for Schuchardt first learned of the entry of the August 27, 1981, order when advised by Schuchardt on or about October 9, 1981, the same date on which appellant's motion to extend the time in which to file notice of appeal was filed.

Rule 4(b) of the Federal Rules of Appellate Procedure provides that in direct criminal appeals "... the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Upon a showing of excusable neglect, the district court has the authority to extend this time limit for an additional period of 30 days. Since Schuchardt's motion to file a belated appeal came 43 days after entry of the memorandum opinion and order on August 27, 1981, he failed to comply with Rule 4(b). Indeed, appellant asserted his right to an untimely appeal not based upon excusable neglect, but upon failure of appellant or his retained counsel to receive a copy of the memorandum opinion and order (August 27, 1981) within the 10 day period provided in Rule 4(b).

It is well settled that compliance with Rule 4(b) is "mandatory and jurisdictional," *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *United States v. Mathews*, 462 F.2d 182 (3rd Cir. 1972) and *United States v. Miles*, 510 F.2d 1362 (4th Cir. 1975). Under F.R.A.P. § 26(b) this court is specifically precluded from enlarging the time otherwise permitted for filing a notice of appeal. Nor does this case contain unique facts which alone excuse noncompliance with the rule. *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); *United States v. Miles, supra*. *See* also *Buckley v. United States*, 382 F.2d 611 (10th Cir. 1967) and *United States v. Temple*, 372 F.2d 795 (4th Cir. 1966).

The rule requiring the clerk to give notice of the entry of "orders," Fed.R. Crim.P. 49(c), is generally interpreted, following the 1966 amendment, to make the failure of notice irrelevant to application of the jurisdictional rule. *See generally* 3 C. Wright, *Federal Practice and Procedure*, Criminal § 823 (1978 & 1980 Supp.), 8B *Moore's Federal Practice* ¶ 49.04 (2d ed. 1981).

Accordingly, the appeal is dismissed for lack of jurisdiction.