896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfredo MARTINEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfredo MARTINEZ, Defendant-Appellant.
 Nos. 89-5805, 89-6301.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Feb. 13, 1990.
 
 Wilfredo Martinez, appellant pro se.
 Robert W. Weichering, Office of the United States Attorney, for appellee.
 Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilfredo Mario Martinez was convicted under a multi-count indictment involving the interstate distribution of cocaine. At the sentencing hearing, Martinez verbally notified the court and opposing counsel that he wished to proceed with his appeal as an indigent. After conducting an indigency hearing, the court apparently granted Martinez's request to proceed as a pauper. Two days later, the court clarified this order and held that to perfect his pauper status, Martinez would still have to comply with Fed.R.App.P. 24, including the filing of an affidavit as prescribed by "Form 4."[1]
 
 
 2
 In a letter dated May 9, 1989, 34 days after entry of judgment, Martinez wrote to the clerk of court requesting "information as to the status of my appeal and name of appointed counsel." The deputy clerk returned the letter noting on the bottom that she was "unable to locate an appeal having been filed" and suggested that Martinez contact his attorney. Upon contacting his trial attorney, Martinez discovered that the attorney had not filed a written notice of appeal because he was under the impression that his duties as Martinez's counsel had terminated at the sentencing hearing.
 
 
 3
 On June 9, 1989, now 65 days after the final judgment, Martinez filed a motion to appoint counsel, a notice of appeal, and a motion for an extension of time to note his appeal. The district court, noting that Martinez's motion and notice of appeal were not filed within 40 days of entry of judgment as required by Fed.R.App.P. 4(b), held that it was without jurisdiction to consider his request for an extension of time, and denied these motions and the previous motion to proceed in forma pauperis. No mention of the May 9 letter was made in the district court's order. Without addressing the issue of whether a verbal notice of appeal is sufficient to constitute a filing under the requirements of Fed.R.App.P. 3 and 4(b), we find that Martinez's May 9th letter of inquiry should be construed as a notice of appeal.
 
 
 4
 In the criminal setting, Rule 4(b) requires a notice of appeal to be filed within 10 days of entry of judgment. See United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985); United States v. Schuchardt, 685 F.2d 901 (4th Cir.1982). Under this rule, the district court may extend the time for filing a notice of appeal for 30 days upon a showing of excusable neglect. Unlike Fed.R.App.P. 4(a), however, the language of Rule 4(b) empowers the district court to extend the filing period with or without motion. Furthermore, when a criminal defendant has filed a notice of appeal beyond the 10-day filing period, but within the 30-day permissible extension period, he or she is entitled to an opportunity to show excusable neglect.
 
 
 5
 Martinez's verbal notice of appeal evidenced a clear intent to appeal. In light of this intent, Martinez's May 9th letter of inquiry should have been interpreted as a notice of appeal. As this notice was filed within 30 days of the end of the Rule 4(b) filing period, under Reyes, supra, Martinez is entitled to an appeal upon a finding of excusable neglect.
 
 
 6
 Because the facts in the record conclusively establish excusable neglect, a remand for a finding on this issue is unnecessary. Reyes, 757 F.2d at 354. We grant leave to proceed in forma pauperis. The proper remedy is to allow Martinez's appeal, appoint counsel, and consider the case on the merits.
 
 
 7
 IT IS SO ORDERED.
 
 
 
 [1]
 Martinez claims that he did not receive this order of clarification