905 F.2d 1533
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas M. VETERE, Jr., Defendant-Appellant.
 No. 90-7258.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 7, 1990.
Decided May 17, 1990.
Rehearing and Rehearing In Banc Denied June 14, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Robert D. Potter, Chief District Judge. (CR No. 86-110)
 Thomas M. Vetere, Jr., appellant pro se.
 Thomas J. Ashcraft, United States Attorney, Max Oliver Cogburn, Jr., Office of the United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas M. Vetere, Jr., a federal inmate, appeals from the district court's denial of his supplemental motion to correct illegal sentence under Fed.R.Crim.P. 35(a) in an order entered December 7, 1989. We affirm.
 
 
 2
 Preliminarily, we note that Vetere did not timely appeal the October 3, 1989, district court order denying his original Rule 35 motion. Rule 35 motions must be appealed within ten days. Fed.R.App.P. 4(b); United States v. Breit, 754 F.2d 526 (4th Cir.1985). Vetere's notice of appeal was also filed outside the 30-day period established by Fed.R.App.P. 4(b) for obtaining an extension of time to appeal the October 3, 1989, order based on excusable neglect. Although Vetere stated that he did not receive a copy of the October 3 order, this does not excuse compliance with Fed.R.App.P. 4(b). See Fed.R.Crim.P. 49(c); United States v. Schuchardt, 685 F.2d 901 (4th Cir.1981). Only the denial of the supplemental Rule 35 motion is thus before us.
 
 
 3
 We find that the supplemental motion was properly denied. Vetere contends that his sentences should be vacated because he was ordered to pay a separate $50 assessment on each of the counts for which he is serving concurrent sentences. His convictions have been affirmed on appeal, and the concurrent sentence doctrine on which Vetere relies provides no basis for vacating any of his sentences. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.