962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James JOHNSON, a/k/a Farmer, Defendant-Appellant.
 No. 91-5149.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 10, 1992
Decided: May 7, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-90-72-K)
 Richard William Winelander, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Robert R. Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 DISMISSED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Johnson pled guilty to conspiracy to distribute heroin (21 U.S.C. § 841(a) (1988)) and was sentenced on December 17, 1990. The sentencing judge informed him that, if he wished to appeal, his appeal must be filed within ten days. The judgment and commitment order was entered on December 21, 1990, and Johnson self-reported to federal prison on January 22, 1991. On February 20, 1991, Johnson mailed a notice of appeal and a motion to file a late notice of appeal[1] to the district court. The district court granted the motion and this appeal was docketed.[2]
 
 
 2
 Rule 4(b) of the Federal Rules of Appellate Procedure requires a notice of appeal to be filed within ten days of judgment. The district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect with or without a motion being filed. The district court may not otherwise extend the time for filing a notice of appeal. See United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985); United States v. Schuchardt, 685 F.2d 901 (4th Cir. 1982).
 
 
 3
 Johnson's notice of appeal and motion to file a late notice of appeal were dated February 20, 1991, sixty-one days after entry of the judgment and commitment order on December 21, 1990. Although the district court granted the motion to file a late appeal in a margin order, the notice of appeal is ineffective because the district court was without authority to extend the time for filing beyond forty days after entry of judgment. Fed. R. App. P. 26(b); Schuchardt, 685 F.2d at 902.
 
 
 4
 We therefore dismiss the appeal for lack of jurisdiction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Counsel's motion to withdraw is therefore denied. Johnson's motion for the appointment of new counsel is also denied.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 In support of his motion for a late appeal, Johnson said he had been unable to communicate with his attorney concerning his wish to appeal. However, Johnson was informed by the district court at his sentencing that, if he wished to appeal, his notice of appeal must be filed within ten days, and he was not incarcerated until he self-reported on January 22, 1991. He does not explain why he could not communicate with his attorney about filing an appeal
 
 
 [2]
 Johnson's attorney submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues at Johnson's request. Johnson has also filed a supplemental pro se brief raising additional issues