**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4636

TERRY KINARD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-95-205)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
A. Peter Shahid, Jr., Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry Kinard pled nolo contendere to a charge of bank robbery in violation of 18 U.S.C. § 2113(a) (1994). He seeks to appeal his 151-month sentence. The district court's judgment and commitment order was entered on April 17, 1996. Kinard requested leave to file a notice of appeal out of time on July 31, 1996. The district court granted the motion on August 1, 1996, finding good cause and excusable neglect. Kinard filed his notice of appeal on August 2, 1996.

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect if the notice of appeal is filed within the thirty-day extension period. See United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). The district court may not otherwise extend the time for filing a notice of appeal. United States v. Avendano-Camacho, 786 F.2d 1392, 1394-95 (9th Cir. 1986); United States v. Schuchardt, 685 F.2d 901 (4th Cir. 1982).

Kinard's notice of appeal and motion for an extension of time to file were submitted 104 days after entry of judgment. The notice of appeal is thus ineffective because the district court was without authority to extend the time for filing beyond forty days after entry of judgment. Schuchardt, 685 F.2d at 902. Kinard may seek a belated appeal or review of his claims in a motion pursuant to 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED