**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 98-4216

NELSON HINES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-93-205)

Submitted: July 21, 1998

Decided: October 26, 1998

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Barbara Gold, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nelson Hines was sentenced in 1993 for drug offenses and for using or carrying a firearm in connection with a drug offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1998). After the Supreme Court's decision in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), Hines filed a motion to correct sentence pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), seeking vacation of his § 924(c) conviction. The district court vacated the § 924(c) count but refused the government's request to resentence Hines on the drug counts. The government appealed and we remanded the case for resentencing. <u>See United States v. Hines</u>, No. 96-7465 (4th Cir. Apr. 8, 1997) (unpublished). Hines was resentenced to a term of 168 months imprisonment. The judgment and commitment order was entered on February 5, 1998. Hines filed a notice of appeal on March 9, 1998, after the ten-day appeal period had expired. He did not request an extension of time to file the notice of appeal or make a showing of excusable neglect, and the district court has not granted an extension of time to file.

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b). With or without a motion, the district court may grant an extension of time of up to thirty days upon a showing of excusable neglect. <u>See United States v. Reyes</u>, 759 F.2d 351, 353 (4th Cir. 1985); <u>United States v. Schuchardt</u>, 685 F.2d 901, 902 (4th Cir. 1982). If a defendant files his notice of appeal outside the ten-day appeal period, but within the thirty-day extension period, the district court must make a factual finding as to whether excusable neglect warrants an extension of the ten-day period. <u>See Reyes</u>, 759 F.2d at 353.

Here, Hines noted his appeal outside the ten-day appeal period but within the thirty-day extension period applicable upon a showing of excusable neglect. Therefore, we remand this case to the district court to allow Hines thirty days within which to request, upon a showing of excusable neglect, an extension of the appeal period. We dispense with oral argument because the facts and legal contentions are ade-

2

quately presented in the materials before the court and argument would not aid the decisional process.

<u>REMANDED</u>