**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4005

CRAIG YAHTESH WORTHAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-194)

Submitted: December 17, 1998

Decided: January 5, 1999

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory Ramage, Raleigh, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Robert E. Skiver, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Craig Yahtesh Wortham appeals from the district court's order denying his motion for leave to file a belated notice of appeal from the 295-month sentence imposed following his plea of guilty to charges of conspiracy to distribute and possess with intent to distribute cocaine base, 21 U.S.C. § 846 (1994), and use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1998). Finding no error, we affirm.

On November 14, 1997, Wortham filed a motion for leave to file a notice of appeal out of time. In this motion, Wortham asserts that on the day he was sentenced, he requested that his attorney note an appeal. He also asserts that he contacted his counsel a number of times to inquire whether an appeal had been noted. Finding that it lacked the authority to extend the appeal period, the district court denied the motion. Wortham noted a timely appeal from this order.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982) (quoting United States v. Robinson, 361 U.S. 220, 224 (1960)). Criminal defendants must file their notices of appeal within ten days after the entry of judgment. See Fed. R. App. P. 4(b). This time period may be extended by a period of not more than thirty days upon a showing of excusable neglect. See id.; United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). The district court filed its judgment and commitment order on April 28, 1997. Wortham filed his motion for leave to file a notice of appeal out of time on November 14, 1997, which is well beyond the ten-day appeal period and the thirty-day excusable neglect period. Therefore, the district court correctly determined that it lacked the authority to extend the appeal period.

Wortham contends that because he requested that counsel note an appeal and counsel did not, he was deprived of his Sixth Amendment right to the effective assistance of counsel and should be afforded the remedy provided the defendant in United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (ordering judgment reversed and case remanded

2

with instructions to vacate the judgment of conviction and enter new judgment from which an appeal may be taken). We review claims of ineffective assistance of counsel on direct appeal"if and only if [the ineffectiveness of counsel] `conclusively appears' from the record." See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a collateral proceeding pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), rather than in this court by direct appeal. See id. Because the record does not conclusively support Wortham's claim of ineffective assistance of counsel, we decline to address this issue.

Accordingly, we affirm the district court's order denying Wortham's motion for leave to file his appeal out of time. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3