**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4021

RONALD NELSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Malcolm J. Howard, District Judge.
(CR-94-57-H)

Submitted: July 20, 1999

Decided: September 24, 1999

Before ERVIN,* NIEMEYER, and HAMILTON, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Walen, WALEN & MCENIRY, P.A., Fayetteville, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Ann M. Hayes, Assistant United States Attorney, Jane J. Jack-
son, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Nelson was convicted of various drug offenses and sentenced to 240 months in prison, five years supervised release, and $12,300 in fines and special assessments. Because the district court erroneously delegated its authority to set the amount and timing of the fine payments to the probation office, we previously vacated that part of Nelson's sentence relating to the fines and remanded for resentencing. See United States v. Nelson, No. 97-6111 (4th Cir. July 21, 1998) (unpublished). On remand, the district court on October 7, 1998, entered an Order Amending Judgment specifying that the fines and special assessments were immediately due in full. Nelson now seeks to appeal that order. We dismiss the appeal because the notice of appeal was untimely.

Nelson had ten days from the October 7 entry of judgment to note his appeal. See Fed. R. App. P. 4(b)(1). For good cause or excusable neglect, the district court could extend the appeal period for an additional thirty days. See Fed. R. App. P. 4(b)(4). Nelson's notice of appeal was filed on December 18, 1998. Under Houston v. Lack, 487 U.S. 266 (1988), the earliest date on which the notice of appeal could have been delivered to prison officials for mailing and therefore deemed filed was December 8, when Nelson hand-dated it. This was outside the ten-day appeal period set forth in Fed. R. App. P. 4(b)(1). The district court did not grant an extension of time in which to note the appeal within the ensuing thirty days; therefore, the notice of appeal was untimely. See Fed. R. App. P. 4(b)(4); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982).*

_____

*On December 28, 1998, the district court entered an order granting an extension of time in which to note the appeal. However, because the thirty-day period of Fed. R. App. P. 4(b)(4) had expired by this time, the court was without authority to enter this order.

2

Because the notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. The time periods of Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Here, Nelson's failure to note a timely appeal or to obtain an extension of the appeal period in accordance with Fed. R. App. P. 4(b)(4) deprives this court of jurisdiction to consider the merits of his appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3