**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4728

ANTOINE GRACIUS, a/k/a Antoine
Gracias, a/k/a Julian,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
William L. Osteen, District Judge.
(CR-97-114)

Submitted: September 30, 1999

Decided: November 2, 1999

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph T. Grunkemeyer, Cary, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Antoine Gracius entered a guilty plea to a superseding indictment charging that he conspired to distribute cocaine base ("crack"), see 21 U.S.C. § 846 (1994), and was sentenced to a term of 168 months imprisonment. The district court informed him after imposing the sentence that, if he wished to appeal, his notice of appeal must be filed within ten days of judgment. The judgment was entered on June 23, 1998. Gracius did not timely appeal. On September 28, 1998, he moved for leave to file an untimely notice of appeal and for appointment of counsel, alleging that he had asked his attorney to file an appeal immediately after sentencing but that the attorney had failed to do so. The notice of appeal was forwarded to this court although the motions were still pending. On remand for a ruling on the motions, the district court granted both motions, finding that the failure to file a timely appeal was due to excusable neglect, and giving Gracius thirty days from the date of the order to note an appeal. Gracius filed a new notice of appeal within ten days of the order.

Rule 4(b) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed within ten days of judgment. The district court may extend the time for filing a notice of appeal for thirty additional days with or without a motion upon a showing of excusable neglect. The district court may not otherwise extend the time for filing a notice of appeal. See United States v. Reyes , 759 F.2d 351, 353 (4th Cir. 1985); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982). Because the potential extension period had already expired when Gracius filed his motion in September 1998, the district court was without authority to grant an extension of time, even on a showing of excusable neglect.* See Fed. R. App. P. 4(b)(4); United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991). Consequently, Gracius's new notice of appeal was ineffective.

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are

_____

*At this point, Gracius's remedy is to file a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999).

2

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED