UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 03-4170

JOSEPH IZELL MOSLEY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-02-376)

Submitted: October 29, 2003

Decided: November 17, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

### COUNSEL

Christopher J. Moran, LAW OFFICES OF CHRISTOPHER J.
MORAN, Columbia, South Carolina, for Appellant. Isaac Louis John-
son, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Green-
ville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joseph Izell Mosley appeals his conviction and sentence for violations of 18 U.S.C. § 2113(a), (d) (2000) and 18 U.S.C. § 924(c)(1)(A) (2000). We remand this case to the district court for a determination of excusable neglect.

Federal Rule of Appellate Procedure 3 conditions federal appellate jurisdiction on the filing of a timely notice of appeal. Fed. R. App. P. 4(b)(1)(A) states that a defendant in a criminal case must file an appeal within ten days of the entry of judgment or the notice of appeal by the government. It is well-settled that compliance with Fed. R. App. P. 4(b) is mandatory and jurisdictional. *Smith v. Barry*, 502 U.S. 244, 248 (1992); *United States v. Schuchardt*, 685 F.2d 901, 902 (4th Cir. 1982). In a criminal case, when a notice of appeal is filed within thirty days after the expiration of the ten-day appeal period, the district court may grant an extension upon a showing of excusable neglect. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 351 (4th Cir. 1985). In such cases, we generally remand to the district court for the limited determination of whether there has been good cause or excusable neglect to excuse the late filing. *Reyes*, 759 F.2d at 353-54.

The district court's judgment of conviction was entered on December 18, 2002. The ten-day appeal period expired on January 3, 2003. Mosley filed the notice of appeal on January 30, 2003, within thirty days after the expiration of the ten-day appeal period. Accordingly, we remand the case to the district court for a limited excusable neglect determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED*