**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4611**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMIE PAUL TABIT, a/k/a Gonzo,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-60)

---

Submitted: December 9, 2004        Decided: December 14, 2004

---

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Jamie Paul Tabit, Appellant Pro Se. Paul Alexander Weinman, Assistant United States Attorney, Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jamie Paul Tabit seeks to appeal his conviction and sentence. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). When the notice of appeal is filed more than thirty days after expiration of the appeal period, neither the district court nor this Court may grant an extension. United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978).

The district court entered its judgment on November 19, 2003, and its amended judgment on December 1, 2003. Tabit filed his notice of appeal on June 23, 2004.[*] Because the notice of appeal was filed beyond the excusable neglect period, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately

_____

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED