**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4602**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILBERT WILLESLEY GAYLE, a/k/a Oral Wellesley
Grigg, a/k/a Steve D. James,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-03-281)

———————

Submitted:  May 4, 2005          Decided:  May 24, 2005

———————

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Debra Y. Chapman, DEBRA CHAPMAN, P.A., Columbia, South Carolina,
for Appellant.  Rose Mary Parham, OFFICE OF THE UNITED STATES
ATTORNEY, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Wilbert Willesley Gayle seeks to appeal his convictions and sentence following his guilty plea to conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000) and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (2000). Gayle's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issues of whether Gayle's guilty plea was properly accepted by the district court and whether his sentence was constitutional. Gayle has been informed of his right to file a pro se supplemental brief but has not done so.

In a criminal case, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). When the notice of appeal is filed more than thirty days after expiration of the appeal period, neither the district court nor this court may grant an extension. United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978).

The district court entered its judgment on January 12, 2004; the ten-day appeal period expired on January 27, 2004. Gayle filed his pro se notice of appeal on June 7, 2004,[*] beyond both the ten-day appeal period and the excusable neglect period. Because Gayle failed to file a timely notice of appeal, we dismiss the appeal for lack of jurisdiction.

This court requires that counsel inform her client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Although Gayle's notice of appeal was post-marked July 22, 2004, and received by the district court on July 26, 2004, for the purpose of this appeal we assume the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 3 -