**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 05-4532**

-----

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY EUGENE PROFFITT, JR.,

Defendant - Appellant.

-----

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-04-43)

-----

Submitted: March 17, 2006          Decided: March 29, 2006

-----

Before WILLIAMS and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

-----

Affirmed by unpublished per curiam opinion.

-----

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Billy Eugene Proffitt, Jr., appeals his conviction and sentence following a guilty plea to conspiracy to manufacture and possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (2000). Proffitt's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as potential issues whether Proffitt's federal conviction subjected him to double jeopardy and whether his counsel was ineffective. Proffitt was notified of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

We find Proffitt's claim of double jeopardy without merit. It is well-settled that under the dual sovereignty doctrine, federal prosecutions are not barred on double jeopardy grounds by a previous state prosecution for the same or similar conduct. United States v. Christmas, 222 F.3d 141, 145 (4th Cir. 2000) (citing Abbate v. United States, 359 U.S. 187 (1959)).

Next, we find Proffitt's ineffective assistance of counsel claim is not properly raised on direct appeal. Claims of ineffective assistance are not cognizable on direct appeal unless conclusively established on the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective

- 2 -

assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We find no evidence in the record conclusively establishing trial counsel's ineffectiveness.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Proffitt's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED