**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4189**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

WILLIAM FREDERICK REYNOLDS,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (3:04-cr-00107-1)

─────────────

Submitted:  May 5, 2006                  Decided:  May 23, 2006

─────────────

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────────

Joseph Michael McGuinness, Elizabethtown, North Carolina; Carol Ann Bauer, Morgantown, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Frederick Reynolds seeks to appeal his convictions and 144-month sentence following his guilty plea to bank robbery and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 2113(a), 924(c) (2000). Reynolds moved for an extension of time to file his notice of appeal as to his criminal judgment, which the district court denied. Reynolds then appealed the district court's order denying his motion. We dismiss the appeal to the extent Reynolds seeks to appeal his criminal judgment, and we affirm the district court's order denying Reynolds's motion for an extension to appeal.

In a criminal case, the defendant must file his notice of appeal within ten days from the entry of the order or judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). When the notice of appeal is filed more than thirty days after expiration of the appeal period, neither the district court nor this court may grant an extension. United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978).

The district court entered the criminal judgment on June 22, 2005; the ten-day appeal period expired on July 7, 2005. Reynolds filed his pro se motion for an extension of time to file his appeal on October 14, 2005. On January 31, 2006, the district court properly denied Reynolds's motion because it was well beyond the excusable neglect period. On February 10, 2006, Reynolds noted an appeal from the January 31, 2006 order "denying the motion to restore appellate rights."

Accordingly, we affirm the district court's order denying Reynolds's motion, and we dismiss the appeal as to Reynolds's underlying criminal judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

---

[*]Any claim Reynolds may have regarding ineffective assistance of counsel in failing to timely note a requested appeal from his criminal judgment should be brought in a motion under 28 U.S.C. § 2255 (2000). <u>See</u> <u>United States v. Peak</u>, 992 F.2d 39 (4th Cir. 1993).