**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-8034**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY EUGENE PROFFITT, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:04-cr-00043-10)

_____

Submitted: June 29, 2007                    Decided: July 12, 2007

_____

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Billy Eugene Proffitt, Jr., Appellant Pro Se. Jill Westmoreland Ross, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Eugene Proffitt, Jr., appeals the district court's orders construing his pleading as a notice of appeal, dismissing the notice as untimely, and denying his motion for reconsideration. Finding no reversible error, we affirm.

Proffitt pled guilty to and was sentenced to 190 months' imprisonment for participation in a conspiracy to manufacture and possess with intent to distribute methamphetamine. Proffitt's sentence was imposed on May 10, 2005, and we affirmed his conviction and sentence on appeal. See United States v. Proffitt, 2006 WL 870586 (4th Cir. March 29, 2006)(No. 05-4532) (unpublished).

On September 18, 2006, Proffitt filed a letter in the district court requesting his appeal be "reentered." The district court issued an order in accordance with United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), giving Proffitt notice and opportunity to respond before the court construed the letter as an initial 28 U.S.C. § 2255 (2000) motion. Proffitt responded that he was attempting to re-appeal his conviction to this court and requested an extension of the appeal period. Thus, because Proffitt objected to characterization of his pleading as a § 2255 motion, the district court properly filed the letter as a notice of appeal as requested. See Emmanuel, 288 F.3d at 649.

In a criminal case, a defendant must file his notice of appeal within ten days after entry of the district court's final judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, the district court may extend the time to file a notice of appeal for an additional thirty days upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). When the notice of appeal is filed more than thirty days after expiration of the appeal period, neither the district court nor this court may grant an extension of time to appeal. United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982); see Fed. R. App. P. 26(b)(1). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978).

Proffitt's filing on September 18, 2006, is well outside both the appeal period and excusable neglect period. Though the district court should have left the assessment of the timeliness of Proffitt's appeal to this court, we construe the court's order as implicity denying Proffitt's request for an extension of time to appeal his conviction.

Clearly, there is no basis for jurisdiction over any attempt by Proffitt to re-appeal his 2005 conviction and sentence. Thus, he was not entitled to an extension of time in which to note such an appeal. Accordingly, we affirm the district court's order construing Proffitt's filing as a notice of appeal and implicitly

denying an extension of time to file it.  We also affirm the court's order denying Proffitt's motion for reconsideration.  We further deny as unnecessary Proffitt's motion for a certificate of appealability.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED