**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4269**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL ESTRADA-RAMIREZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:06-cr-00291)

Submitted:  August 20, 2007          Decided:  August 29, 2007

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Columbia, South Carolina, Sean Kittrell, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Estrada-Ramirez seeks to appeal his conviction and thirty-month sentence, pursuant to a guilty plea, to unauthorized reentry after deportation as an aggravated felon, 8 U.S.C. § 1326(a) (2000). Estrada-Ramirez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. The Government has not filed a brief, and Estrada-Ramirez, though informed of his right to file a pro se supplemental brief, has not filed such a document.

In criminal cases, the defendant must file a notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). When the notice of appeal is filed more than thirty days after expiration of the appeal period, neither the district court nor this court may grant an extension. United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982). Here, the district court entered judgment on June 26, 2006. The notice of appeal can be deemed filed, at the earliest, on November 27, 2006,[1] beyond

---

[1]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could (continued...)

both the ten-day appeal term and the excusable neglect period. Because Estrada-Ramirez failed to file a timely notice of appeal,[2] we dismiss the appeal.[3]

Pursuant to Anders, this court has reviewed the record to determine whether there is any basis for jurisdiction over the appeal and found none. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[1](...continued)
have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

[2]If Estrada-Ramirez wishes to assert that he asked counsel to file a notice of appeal and counsel failed to do so, he should raise this ineffective assistance of counsel claim in a 28 U.S.C. § 2255 (2000) motion. See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993).

[3]The district court was without jurisdiction to grant Estrada-Ramirez's motion for leave to file a notice of appeal out of time, as it was filed beyond the jurisdictional time limits set forth in Rule 4(b).

- 3 -